DOBBS v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, Second Department.   July 25, 1913.)

1. MALICIOUS PROSECUTION (§ 64*) — SUFFICIENCY OF EVIDENCE — PROBABLE CAUSE.

In an action for maliciously prosecuting plaintiff for stealing a nickel, evidence *held* insufficient to support a finding of want of probable cause.
[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 151–153; Dec. Dig. § 64.*]

2. MALICIOUS PROSECUTION (§ 18*)—PROBABLE CAUSE—ACTUAL GUILT OF ACCUSED.

Where a person who had dropped five cents in the ticket box of a rapid transit company took from the station window the change of another person after being told that it was not intended for her, there was probable cause for her arrest.
[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 23, 24, 29–38; Dec. Dig. § 18.*]

Appeal from Trial Term, Kings County.

Action by Marie Dobbs against the Interborough Rapid Transit Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and PUTNAM, JJ.

Bayard H. Ames, of New York City (John Montgomery, of New York City, on the brief), for appellant.

Burt L. Rich, of New York City, for respondent.

THOMAS, J. [1, 2] The recovery of $3,500 is for malicious prosecution. The plaintiff dropped her ticket and five cents in the box on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant's station, and thereupon requested the agent to pay her that sum. He explained that he could not do so, but that he would give her a receipt for the money, presentable at the main office. She urged her request and finally took a nickel from the window and was at once pursued by the agent, seized, and later taken by a police officer before a magistrate, by whom she was held for trial before the Court of Special Sessions, where she was found not guilty. So upon examination the magistrate decided that there was "sufficient cause to believe the defendant guilty" (Code of Criminal Procedure, § 208), and the jury in this action has decided that defendant's agent had not "sufficient cause to believe the defendant guilty." There is a distinct reason for the decision of the magistrate, and the opposite decision by the Court of Special Sessions. Before the magistrate the accused testified that a lady

—"put in her fare and he threw out money like this [indicating], and I thought, 'That is for me; I will take it;' and he said, 'That is not for you' "—and she reached for it and did not get it; the lady got it; and plaintiff finally answered, "I never got a taste of the nickel, never had it in my hand."

Her testimony before the magistrate was not proven before the Court of Special Sessions, and upon the trial of the present action the plaintiff disclaimed such evidence, although it was conceded that she gave it. But here she testified that the agent put out the nickel; that she took it and thought he gave it to her. In one court she denied any taking and asserted that he informed her that it was not for her. Surely, if she was informed and yet took it, that alone proved probable cause. But now she would prove absence of probable cause by showing that she took by invitation. Did the agent have reasonable grounds to believe that she took the coin with intention to steal it? The magistrate's decision is to that effect and to him was given the initial power to determine. What, then, is the relative probative force of her present testimony? What is the value of the agent's testimony measured against that of the plaintiff? It cannot be doubted that his testimony, forfeited by the decision of the magistrate based on her uncredited denial that she took the money and her statement that she was told not to do so, preponderatingly shows that there was probable cause. The agent did not testify that he said to her that the change was not for her. But she understood as much from the transaction or from what he said.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.